IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVERETT L. SUMMERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-119-SLR |
| ) | |
| COMMISSIONER PATRICIA ) | |
| STEWART, STATE OF DELAWARE ) | |
| FAMILY COURT, DFS (Delaware ) | |
| Department of Services for ) | |
| Children, Youth and Families, ) | |
| Division of Family Services), ) | |
| SHANE O'HARE, and CATHY ) | |
| CASEY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Plaintiff Everett L. Summers ("Summers") filed this civil rights action claiming sex and national origin "working poor" discrimination. Although no statute is named, it appears the action is brought pursuant to 42 U.S.C. § 1983. Plaintiff appears pro se and, on March 7, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915.

**I.   THE COMPLAINT**

The allegations in the complaint stem from proceedings brought against plaintiff for a Protection from Abuse ("PFA") order for allegedly striking his daughter. Plaintiff alleges that he appeared in the State of Delaware Family Court ("Family Court") and that, during the proceedings, Commissioner Patricia

Stewart ("Commissioner Stewart") allowed the complainant to commit perjury and did not allow him to address the complainant's inconsistencies. He also alleges that he was denied his constitutional right to face his accuser because his children were not present at the court proceedings.

Plaintiff complains that he filed a request for judicial review because he was denied his right to due process under the Sixth Amendment of the Constitution, but that no action has been taken as of February 22, 2006. Plaintiff alleges that the Family Court failed to provide him the requested judicial review. He alleges that Commissioner Stewart was prejudiced towards him because he is a lower income, working poor male.

Plaintiff also alleges that the Department of Services for Children, Youth and Families, Division of Family Services ("DFS") became involved as a result of the allegations of child abuse. Plaintiff alleges that he met with Cathy Casey ("Casey"), an employee of DFS, to answer questions regarding the allegations. Later plaintiff received a determination of guilt from DFS that placed him on the Child Protection Registry at level II. Plaintiff alleges that Casey and Shane O'Hare ("O'Hare"), another DFS employee, denied him his right to due process and did not allow him to adequately defend himself in court. Similarly, he alleges that DFS denied him his day in court, did not provide him with statements from his accusers, and did not provide him with

any other documentation of the alleged abuse.  Plaintiff alleges that he filed an appeal of the DFS decision but, as of February 22, 2006, there was no response, thus violating his right to due process.

Plaintiff alleges that he was terminated from his job after his boss learned of the PFA order.  He also alleges that he has been unable to find employment as a result of actions of DFS and the Child Protection Registry.

Plaintiff seeks removal of his name from the Child Protection Registry, the sealed files of the DFS, and all court proceedings.  He also seeks a public apology from all involved parties, and written documentation that his name has been cleared of all charges.  Finally, plaintiff seeks compensatory damages for lost wages and punitive damages.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the

complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Inasmuch as plaintiff proceeds pro se, the court construes the complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

### III. ANALYSIS

Whenever it appears that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. Fed. R. Civ. P. 12(h). After a thorough review of plaintiff's complaint, the court declines to exercise jurisdiction over the claims brought by him by reason of the Younger abstention doctrine.

As alleged by plaintiff, he is embroiled in an ongoing matter with the Delaware Family Court and the DFS. He has sought judicial review of the determination of Commissioner Stewart, and apparently is awaiting that decision. Plaintiff also appealed the decision of the DFS and is waiting for a court date, in addition to the opportunity to appeal matters relative to his

4

name on the Child Protection Registry. A liberal reading of the complaint indicates that the foregoing actions remain pending in state court and have not yet reached final resolution.

The abstention doctrine as defined in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The <u>Younger</u> doctrine has been extended to civil cases and state administrative proceedings. <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423 (1982); <u>Huffman v. Pursue Ltd.</u>, 420 U.S. 592 (1975). The doctrine applies to proceedings until all appellate remedies have been exhausted. <u>Huffman v. Pursue Ltd.</u>, 420 U.S. at 608; <u>see</u> <u>Reinhardt v. Commonwealth of Mass. Dep't of Soc. Services</u>, 715 F.Supp. 1253, 1255 (S.D.N.Y. 1989).

Three requirements must be met for the application of the <u>Younger</u> doctrine: (1) the existence of an ongoing state proceeding which is judicial in nature; (2) an ongoing state proceeding which implicates important state interests; and (3) an ongoing state proceeding which presents an adequate opportunity to raise constitutional challenges in the state proceeding. <u>Id</u>. at 431-432. Additionally, the state proceeding need not be ongoing at the time the federal complaint is before the court as long as the plaintiff had an adequate opportunity to resolve the federal issue in a state proceeding. <u>Huffman v. Pursue Ltd.</u>, 420 U.S. at 608.

In this case there is an ongoing state judicial proceeding. Plaintiff is quite clear that he has appealed the decisions, and that the appeals remain pending. As to the second factor, the State of Delaware has a substantial interest in the fair administration of child custody and parental rights proceedings. See Moore v. Sims, 442 U.S. 415, 427 (1979) (recognizing such an interest in child abuse cases). Finally, the state court proceedings provide plaintiff with an adequate opportunity to present his federal claims. See Division of Family Services v. Cheryl B., 750 A.2d 540 (Del.Fam.Ct. Aug. 6, 1998); Morgan v. Powell, 659 A.2d 1243 (Del.Fam.Ct. Sept. 20, 1994).

Based upon the foregoing, under the Younger abstention doctrine, the court must abstain from exercising jurisdiction over plaintiff's claims, and the complaint must be dismissed.

**IV. CONCLUSION**

NOW THEREFORE, at Wilmington this 3d day of April, 2006, IT IS HEREBY ORDERED that plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

_____
UNITED STATES DISTRICT JUDGE

6